FILED
2013 FEB -8 AM 10: 54
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE RISHELL, on his own behalf and on behalf of those similarly situated,

Plaintiff,

vs. CASE NO.: 6:13-cv-213-ORL-28 GJK

COMPUTER SCIENCES CORPORATION, a Foreign Profit Corporation,

Defendants. /

**COMPLAINT & DEMAND FOR JURY TRIAL**

For the Complaint against COMPUTER SCIENCES CORPORATION, Plaintiff George Rishell alleges as follows::

**PRELIMINARY STATEMENT**

1. This action by and on behalf of employees hired by Defendant Computer Sciences Corporation, to perform services in Kuwait and who were not paid for all hours they worked pursuant to their contract with Defendant.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff George Rishell, is, and at all relevant times was, a resident of Seminole County, Florida.

3. Defendant Computer Sciences Corporation ("COMPUTER SCIENCES"), is a Virginia corporation with its principal place of business in Falls Church, Virginia, authorized to do and doing business in Florida.

4. Jurisdiction is invoked, *inter alia*, pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000,

excluding interest, costs, and attorney fees.

5. Venue is proper in the Middle District of Florida.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates paragraphs 1 through 5 above.

7. Plaintiff George Rishell entered into a contract with COMPUTER SCIENCES to perform work at an American Army Base in Kuwait. He began working on approximately January 16, 2010 and continued under that contract until June 1, 2012.

8. Plaintiff was hired as a non-exempt hourly-paid "Field Technician Senior Associate" to monitor and maintain electronics for warfare.

9. According to the contract drafted by COMPUTER SCIENCES for George Rishell ("the contract"), his "compensation will consist of an hourly rate of $32.93 ($68,500 annually), which will be paid biweekly."

10. Despite the contractual language set forth in paragraph 9 above, COMPUTER SCIENCES only paid George Rishell for forty (40) hours worked each week. Mr. Rishell was not compensated for any hours over forty (40) that he worked, even though he worked at least 80 hours in almost every week,

11. COMPUTER SCIENCES further failed to pay for such work as driving other employees back and forth to the worksite.

12. Upon information and belief, other employees of COMPUTER SCIENCES in Kuwait, who were and are similarly situated to Plaintiff, worked hours in excess of forty (40) in a work week without receiving pay under their contracts with COMPUTER SCIENCES.

## CAUSE OF ACTION

13. Plaintiff incorporates paragraphs 1 through 12 above.

14. This action is brought on behalf of all persons presently and/or formerly hired by COMPUTER SCIENCES in Kuwait and who have been denied pay for all hours worked.

15. The Class is defined preliminarily as follows:

> Those persons who have been, or now are, hired by COMPUTER SCIENCES to work in Kuwait anytime during the last five (5) years who have been deprived of the full benefit of their contractual right to be paid for all hours worked.

16. The requirements of the Federal Rule of Civil Procedure 23 are met in that:

a) Upon information and belief, the Class is so numerous that joining all members is impracticable. The class members are geographically disbursed throughout the nation, have limited resources, and are unlikely to institute individual actions.

b) The named Plaintiff is an adequate representative of the class because he was hired by COMPUTER SCIENCES and did not receive pay for all hours worked pursuant to the contract. He has been damaged by this treatment in the same manner as other class members.

c) There are common questions of law and fact applicable to the entire class, including but not limited to the question of whether Plaintiff and other class members were entitled to the right to be paid for all hours worked pursuant to the contract.

d) The claims of the named Plaintiff is a representative of and typical of the claims of the class and the named Plaintiff and his Counsel will fairly and adequately protect the interests of the class. Named Plaintiff has no interest adverse to or in conflict with other class members. Plaintiff's Counsel is experienced and competent in litigating large, complex class actions.

e) The class should be certified as a class action pursuant to, inter alia, Rule 23(b)(1) and (b)(2) to avoid the risk of inconsistent or

varying adjudications and because final injunctive and/or declaratory relief is appropriate with respect to the class as a whole, or in the alternative under 23(b)(3) because common questions of law and fact regarding COMPUTER SCIENCES' actions predominate over any individual questions. COMPUTER SCIENCES has acted or refused to act on grounds generally applicable to all members of the class, making final Declaratory and Injunctive relief and the award of monetary damages appropriate with respect to the class as a whole.

## CAUSE OF ACTION

17. Plaintiff incorporates paragraphs 1 through 16 above.

18. On or about December 22, 2009, Plaintiff George Rishell entered into an employment contract drafted by Defendant COMPUTER SCIENCES to provide services in Kuwait. Plaintiff began working on approximately January 16, 2010. Upon information and belief, all other members of the class entered into similar contracts drafted by COMPUTER SCIENCES.

19. Pursuant to the terms of the contract, a true and correct copy of which is attached hereto as Exhibit A, specifically at paragraph 1, COMPUTER SCIENCES agreed to pay "an hourly rate of $32.93".

20. Contrary to its contract, COMPUTER SCIENCES failed to pay Plaintiff George Rishell at his hourly rate for all hours he worked.

21. Contrary to the terms of its contract, COMPUTER SCIENCES' practice was to pay for a maximum of forty (40) hours per week regardless of the actual amount of time worked by George Rishell.

22. Contrary to its contract, COMPUTER SCIENCES' practice was not to pay for certain work tasks, such as transporting other employees back and forth to the worksite.

23. By failing to pay George Rishell at his hourly rate for all hours worked, COMPUTER SCIENCES breached its contract with Plaintiff, which breach has damaged Plaintiff in amounts to be proved at trial, which exceed $75,000.00.

## ATTORNEY FEES

24. As a consequence of COMPUTER SCIENCES' breach of contract, Plaintiff has been required to retain cousel to initate this action and Plaintiff has retained Angeli Murthy, Esq. of Morgan & Morgan, P.A., to prosecute this action to recover the wages owed to him. Plaintiff is entitled to reasonable attorney fees for the prosecution of this action pursuant to, inter alia, 31 Fla. Statute §448.08.

## PRAYER

WHEREFORE, Plaintiff George Rishell respectfully requests that the Court enter a judgment against Defendant COMPUTER SCIENCES, and award relief as follows:

1. Declaratory relief holding that COMPUTER SCIENCES' practices in denying George Rishell compensation violate its contract and applicable law;

2. An injunction against further violations and requiring compliance with the law;

3. Retroactive and prospective benefits and compensation, in amounts to be determined;

4. Other damages for COMPUTER SCIENCES' breach of contract;

5. Pre-judgment interest;

6. Attorney fees, litigation expenses, costs and such other and further relief as may be equitable;

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury.

Dated: this 4th day of February 2013.

Respectfully submitted,

ANGELI MURTHY, ESQ.
Florida Bar No. 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: Amurthy@forthepeople.com

Trial Counsel for Plaintiff