# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| GEORGE RISHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-cv-931 |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on the parties' cross-motions for summary judgment.

When Plaintiff began his employment with Computer Sciences Corporation ("C.S.C." or "Defendant") he agreed to the terms of two different letters; an offer letter and a foreign travel letter ("F.T.L."). The offer letter established his base pay rate and the F.T.L. detailed his compensation while working overseas in support of a contract between Defendant and the Department of Defense. This dispute arises out of the parties' different interpretations of the compensation provisions contained in the offer letter and F.T.L. Plaintiff believes he is entitled to an hourly wage for all hours worked; Defendant believes Plaintiff is due an annual salary based on the hourly wage in his offer letter multiplied over 52 40-hour weeks. Because the plain meaning of the two contracts, read together,

indicates Plaintiff should have been paid an hourly wage for all hours worked, Plaintiff is entitled to summary judgment in his favor.

On December 22, 2009, while in Florida, Plaintiff George Rishell accepted the terms of his offer letter and F.T.L. He subsequently began work for C.S.C. on "Task Order 9," a Department of Defense contract supporting operations in Southwest Asia, in January 2010, with his principal place of employment in Kuwait. The relevant portion of Rishell's offer letter states his "compensation will consist of an hourly rate of $32.93 ($68,500 annually), which will be paid biweekly." The compensation provision in his F.T.L. states: "Your base weekly salary will not change as a result of this assignment."

After Plaintiff was hired by C.S.C. he was paid on a salary basis, regardless of the hours he worked. Rishell filed suit, claiming he should have been paid an hourly wage instead of an annual salary and seeking compensation for unpaid hours worked between February 2008 and June 2012. Rishell claims he is owed $150,532.82, and the parties agree this amount represents the unpaid compensation due if this Court decides he should have been paid an hourly wage instead of a salary. Both parties now move for summary judgment.

Summary judgment is appropriate when a movant demonstrates there is "no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This case, which requires an interpretation of written contracts that "does not depend in any degree on oral testimony or extrinsic facts, but wholly on the writing," presents a "pure question of law…which must be decided by the court." McNamee v. Hunt, 87 F. 298, 301 (4th Cir. 1898) (citing Hamilton v. Liverpool & London & Globe Ins. Co., 136 U.S. 242, 255 (1890)). Summary judgment is plainly appropriate here, where the parties do not dispute the number of hours worked by Rishell, the applicable hourly rate, or any other facts. The sole issue is whether the two employment documents, read together, require an hourly wage or annual salary.

This case was transferred to this Court pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Middle District of Florida. Since the defendant sought transfer, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change in venue. A change of venue under § 1404(a) generally should be, with respect to state law, but a change of

courtrooms." Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). Therefore, the choice of law rule of Florida applies.

Under Florida's choice of law rule, this case is governed by Florida contract law. In Florida, "the choice of law rule differs depending upon whether the issue involves an interpretation of a contract or a failure to perform." Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721, 724 (M.D. Fla. 2000). "A court addressing a contract interpretation issue must apply the rule of law where the contract was made. In contrast, a court addressing a contract performance issue must apply the rule of law where the contract was to be performed."[1] Id. Because this case presents a contract interpretation issue, and because Rishell's contracts were made in Florida where he accepted the terms of his offer letter and F.T.L., Florida law applies.

The plain meaning of the offer letter indicates Rishell was to be paid an hourly wage, not an annual salary; the parenthetical clarification that his hourly wage amounts to $68,500 annually merely calculates his hourly wage of $32.93 over the course of 52 40-hour workweeks. It is the hourly wage statement that controls, not the annual rate calculation. Even assuming arguendo that the terms are ambiguous, Rishell still prevails as C.S.C. drafted the offer letter and Florida law

---

[1] Defendant's argument that this case presents a contract performance issue is unpersuasive. Plaintiffs and Defendant were all performing under the terms of the written agreements as interpreted by them. The issue for this Court is to resolve what the legal meaning of the agreements is.

requires ambiguous terms to be construed against the drafter. City of Homestead v. Johnson, 760 So. 2d 80, 84 (Fla. 2000). See also McGregor v. Bd. Of Comm'rs of Palm Beach Cnty., 956 F.2d 1017, 1022 (11th Cir. 1992) ("[E]rrors in drafting must be construed against the party drafting the document.").

Rishell's F.T.L. does not change the terms of his offer letter when it states his "base weekly salary will not change" while he works overseas. That Rishell's F.T.L. does "not change" his base pay suggests his base pay was established outside the four corners of his F.T.L., and that is precisely the case; Rishell's pay was established in his offer letter at a rate of $32.93 per hour. Even if the F.T.L.'s phrase "base weekly salary" is ambiguous—a "salary" could imply annual pay instead of weekly pay—it too must be construed against C.S.C. as the drafter. The terms of the F.T.L. did not transform Rishell from an hourly employee to a salaried employee. Under the terms of his offer letter and F.T.L., Rishell should have been paid for every hour he worked while employed by C.S.C.

Florida law provides a five-year statute of limitations for claims based on written contracts. See Fla. Stat. Ann. § 95.11(2)(b). Therefore, Rishell's claim falls entirely inside the applicable statute of limitations. There is no genuine issue of material fact to be determined, the relevant documents speak for themselves, and they indicate Rishell should have been paid

for all hours worked. Therefore, Rishell is entitled to summary judgment in his favor.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 10, 2014